

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. A. Jamison, Commissioner
Department of Banking
Austin 14, Texas

Dear Mr. Jamison:

Opinion No. O-6809

Re: Whether or not a State bank
may lawfully invest in the ob-
ligations of another State or
its political subdivisions in
an amount in excess of its
loan limit if it is lawful
for a National bank domiciled
in this State to make such an
investment?

We beg to acknowledge receipt of your request for an
opinion upon the above subject matter.

Article 342-807 of the Texas Banking Code of 1943
(Vernon's codification) provides that:

"No state bank shall permit any person or
any corporation to become indebted or in any
other way liable to it in an amount in excess
of twenty-five per cent (25%) of its capital
and certified surplus * * *."

Amongst the specially excepted classes is Subdivision
6, as follows:

"Bonds and other legally created general ob-
ligations of the State of Texas or of any county,
city, municipality or political subdivision there-
of and indebtedness of the United States of Ameri-
ca, the Reconstruction Finance Corporation or
other instrumentality or agency of the United
States Government."

Article 342-511 of the same Chapter is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Any provision of this Code to the contrary notwithstanding, any state bank may make any loan or investment which such banks could make were it operating as a national bank, and the making of such loan or investment shall not constitute a violation of any penal provision of the statutes of this State."

Article 342-511 above quoted clearly deals with the subject of eligible loans for investments for State banks, and therefore is in pari materia with the prior Articles 501, 502, 503, 504, 505 and 506 of Chapter V — all dealing with the same subject, though for the most part by negation. The common subject to which all these Articles relate is eligibility of investments. Articles 511 and 507 have nothing in common — that is to say, Article 511 does not deal with the question of limitation of liability of any one borrower, as does Article 507.

From what we have said it follows, we think, that under the Code a State bank may lawfully invest in these obligations of another State, or its political subdivisions, in which a National bank domiciled in this State is authorized to invest; but that the loan limit of Texas would still apply as to such out-of-State investments, as well as to those in the State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

ATTORNEY GENERAL OF TEXAS

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION COMMITTEE
BY
CHAIRMAN